IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:23-CV-348-M

| | |
|---|---|
| JESSICA WILSON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )     MEMORANDUM AND<br>)     RECOMMENDATION |
| HARNETT HEALTH SYSTEMS, INC.,<br>et al., | )<br>)<br>) |
| Defendants. | ) |

This matter is before the court on Defendants Harnett Health Systems, Inc. and Allison and Chase Christian's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), [DE-35], and Harnett Health Systems, Inc.'s motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), (4), and (5), [DE-37]. Plaintiff did not respond to the motions, and the time to do so has expired. The motions to dismiss are referred to the undersigned for a memorandum and recommendation to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. R. 72.3(c)(1), E.D.N.C. For the reasons that follow, it is recommended that the first motion to dismiss, [DE-35], be allowed and the second motion to dismiss, [DE-37], be denied as moot.

I. **Background**

Plaintiff Jessica Wilson brought this action against Harnett Health Systems, Inc. ("Harnett Health") and Allison and Chase Christian (collectively, "Defendants") after she was offered employment with Harnett Health contingent upon passing a pre-employment drug test and was not hired after she failed the drug test. Am. Compl. [DE-11] ¶¶ 20–27. Plaintiff alleges that she informed Allison Christian, the head of Human Resources, prior to taking the test that she was

taking over-the-counter CBD gummies for pain from a surgery because the opiate prescribed by her doctor was too strong; Christian said that it should not be a problem because other employees took CBD gummies that did not "cause a problem (with the drug test)"; and Plaintiff ultimately failed the drug test and was informed she was ineligible for employment because Harnett Health has a zero tolerance policy for illegal drugs. *Id.* ¶¶ 23–27. Plaintiff filed a Charge with the Equal Employment Opportunity Commission and was issued a Notice of Right to Sue. *Id.* ¶ 3. Plaintiff alleges that Defendants' failure to hire her based on her use of legally purchased CBD gummies violates N.C. Gen. Stat. § 95-28.2 and that she was wrongfully discharged in violation of North Carolina law. *Id.* ¶¶ 73–196. Plaintiff seeks declaratory and injunctive relief and monetary damages. *Id.* at 25–26.

Defendants filed the instant motions to dismiss the case in its entirety for lack of subject matter jurisdiction, failure to state a claim, and failure of service and service of process. [DE-35, -37]. On Defendants' motion, the court stayed the scheduling order deadlines pending resolution of the motions to dismiss. [DE-44, -46].

## II. Standard of Review

A court must dismiss all or part of an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Whether subject matter jurisdiction exists is a threshold question that must be addressed before considering the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3) ("if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The plaintiff, as the party opposing a Rule 12(b)(1) motion to dismiss, has the burden of proving that subject matter jurisdiction does, in fact, exist. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.

1982)). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citations omitted).

Pursuant to Rule 12(b)(2), a court must dismiss a party over which it lacks personal jurisdiction, and the party asserting personal jurisdiction has the burden of proving jurisdiction by a preponderance of the evidence. *Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Where, as here, a court addresses the question of jurisdiction based only on the allegations in the complaint and the motions and supporting memoranda, without an evidentiary hearing, the burden is on the plaintiff to make a *prima facie* showing of jurisdiction. *Id.* In determining whether the plaintiff has proven a *prima facie* case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." *Id.*

A motion under Rule 12(b)(4) challenges the sufficiency of process, while a Rule 12(b)(5) motion challenges the sufficiency of service of process. Fed. R. Civ. P. 12(b)(4), (5). "When the process gives the defendant actual notice of the pendency of the action, the rules . . . are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Henderson v. Rosen*, No. 5:13-CV-635-FL, 2013 WL 6097534, at *3 (E.D.N.C. Nov. 20, 2013) (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)), *aff'd sub nom. Henderson v. Town of Hope Mills*, 594 F. App'x 195 (4th Cir. 2015). "Nevertheless, 'the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.'" *Id.* (quoting *Armco*, 733 F.2d at 1089). "The plaintiff bears the burden of establishing that process has been properly served." *Id.* (citing *McDaniel v. Greyhound Lines, Inc.*, No. 3:08-CV-130-FDW, 2008

3

WL 2704774, at *4 (W.D.N.C. July 7, 2008); *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). "Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate." *Davis v. Matroo*, No. 5:13-CV-00233-BO, 2013 WL 5309662, at *2 (E.D.N.C. Sept. 19, 2013) (citing *Dimet Proprietary, Ltd. v. Indus. Metal Protectives*, 109 F. Supp. 472, 475 (D. Del. 1952)).

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted); *see Twombly*, 550 U.S. at 570; *Giarratano*, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." *Massey v. Ojaniit*, 759 F.3d 343, 352 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302; *see Iqbal*, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[] [his] claims," *Twombly*, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility," *Iqbal*, 556 U.S. at 678–79.

Finally, pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v.*

*Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits, and the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

In the motion to dismiss filed by Harnett Health and the Christians, they first argue that the court lacks subject matter jurisdiction over this action because there is no diversity of citizenship among the parties and Plaintiff has only asserted claims under North Carolina state law. Defs.' Mem. [DE-36] at 4–11. Alternatively, Defendants argue that the amended complaint fails to state a claim. *Id.* at 11–29.

An action lies within the federal district court's diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Complete diversity among the parties is required, which means that no defendant can have the same citizenship as any plaintiff. *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388 (1998); *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 222 (4th Cir. 2019). The plaintiff is required to affirmatively allege facts demonstrating the court's jurisdiction in the complaint. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).

Here, although Plaintiff alleges that the court has jurisdiction under § 1332 because the amount in controversy exceeds $75,000, Am. Compl. [DE-11] ¶ 9, she did not plead sufficient facts to establish that the parties are diverse. Plaintiff alleges that she is a citizen and resident of Fayetteville, North Carolina; that Harnett Health is located in Dunn, North Carolina; and that the Christians reside in Sanford, North Carolina. *Id.* ¶¶ 6, 13–19. Harnett Health is a corporation, and

a corporation is deemed to be a citizen of every State where it is incorporated or where it has a principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff did not plead where Harnett Health was incorporated or where its principal place of business is located, and assuming Harnett Health's address in Dunn, North Carolina is its principal place of business, then complete diversity is lacking. Accordingly, Plaintiff failed to sufficiently plead complete diversity among the parties and may not invoke the court's diversity jurisdiction. *See Hill v. Se. Med. Clinic Red Springs*, No. 7:18-CV-158-D, 2019 WL 2111528, at *2 (E.D.N.C. Apr. 22, 2019) (finding allegations of residency alone were insufficient to establish citizenship for purposes of diversity), *adopted by* 2019 WL 2114259 (E.D.N.C. May 13, 2019), *aff'd*, 773 F. App'x 702 (4th Cir. 2019).

The court may also exercise jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges a litany of state court claims, including wrongful discharge for use of legal product in violation of N.C. Gen. Stat. § 95-28.2; wrongful discharge in violation of North Carolina public policy; wrongful discharge based on disability in violation of N.C. Gen. Stat. § 143-422.2; negligence; intentional infliction of emotional distress; negligent infliction of emotional distress; and negligent retention, training, and supervision. Am. Compl. [DE-11] at 9–18. While the amended complaint mentions Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 626 (a subsection of the Age Discrimination Employment Act), "equal protection," and "discrimination," [DE-11] at 1, 8, 15, 17, 25, courts have consistently held that such "passing references" to constitutional rights and federal statutes are insufficient to invoke federal question jurisdiction. *See, e.g., Hughes v. Va. Emp. Comm'n*, No. 4:21-CV-100, 2022 WL 14049886, at *3 (E.D. Va. Oct. 3, 2022) (citations omitted), *dismissed*, No. 22-2094, 2022 WL 19544910 (4th Cir. Dec. 20, 2022). Because Plaintiff has failed to assert a federal claim, the court lacks federal question jurisdiction.

Plaintiff's amended complaint fails to establish diversity or federal question jurisdiction. Accordingly, it is recommended that the motion to dismiss for lack of subject matter jurisdiction, [DE-35], be allowed.[1] Given that this matter is subject to dismissal for lack of subject matter jurisdiction, it is further recommended that the court deny as moot Harnett Health's second motion to dismiss, [DE-37], which asserted that the court lacks personal jurisdiction due to improper service and service of process.

**IV.  Conclusion**

For the reasons stated above, it is recommended that Harnett Health and the Christian's motion to dismiss, [DE-35], be allowed; that Harnett Health's second motion to dismiss, [DE-37], be denied as moot; and that the case be dismissed without prejudice.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. You shall have until **Thursday, October 10, 2024**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

---

[1] Defendants alternatively argue that Plaintiff's amended complaint fails to state a claim. Defs.' Mem. [DE-36] at 4–11. Because the court lacks subject matter jurisdiction over Plaintiff's claims, the matter is properly dismissed without prejudice under Fed. R. Civ. P. 12(b)(1), and the court cannot reach the alternative grounds for dismissal on the merits. *See Barrett v. USA Veterans Admin.*, No. 5:22-CV-119-M, 2022 WL 19333613, at *4 (E.D.N.C. Oct. 31, 2022) (citing *Beazer E., Inc. v. U.S. Navy*, 111 F.3d 129 (4th Cir. 1997) ("If a court does not have subject matter jurisdiction over a claim, it can only dismiss without prejudice; it cannot reach the merits.")), *report and recommendation adopted*, No. 5:22-CV-00119-M, 2023 WL 2731025 (E.D.N.C. Mar. 30, 2023).

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

Submitted, this 26 day of September, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge